UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

DOUG LONGHINI,

    Plaintiff,

v.

SANDRA LANDMAN and LESLIE ALAN
ROZENCWAIG, ESQ., as co-Trustees of the
LANVI TRUST u/t/d January 23, 2020;
VICKY LANDMAN and LESLIE ALAN
ROZENCWAIG, ESQ., as co-Trustees of the
LANSA TRUST u/t/d January 23, 2020; and
PASEO CATRACHO, INC d/b/a PASEO
CATRACHO RESTAURANT, a Florida
Profit Corporation,

    Defendants.
_____/

## COMPLAINT

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues SANDRA LANDMAN and LESLIE ALAN ROZENCWAIG, ESQ., as co-Trustees of the LANVI TRUST u/t/d January 23, 2020; VICKY LANDMAN and LESLIE ALAN ROZENCWAIG, ESQ., as co-Trustees of the LANSA TRUST u/t/d January 23, 2020; and PASEO CATRACHO, INC d/b/a PASEO CATRACHO RESTAURANT, (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA").

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

4. At all times material, Defendants, SANDRA LANDMAN and LESLIE ALAN ROZENCWAIG, ESQ., as co-Trustees of the LANVI TRUST u/t/d January 23, 2020; and VICKY LANDMAN and LESLIE ALAN ROZENCWAIG, ESQ., as co-Trustees of the LANSA TRUST u/t/d January 23, 2020, own a place of public accommodation with a commercial plaza at 4750 NW 7th Street Miami, Florida, 33126 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

5. At all times material, Defendants, SANDRA LANDMAN and LESLIE ALAN ROZENCWAIG, ESQ., were and are Co-Trustees of the LANVI TRUST u/t/d January 23, 2020, organized under the laws of the State of Florida, with its mailing address of 301 West Hallandale Beach Boulevard, Hallandale Beach, Florida 33009.

6. At all times material, Defendants, VICKY LANDMAN and LESLIE ALAN ROZENCWAIG, ESQ., were and are Co-Trustees of the LANSA TRUST u/t/d January 23, 2020, organized under the laws of the State of Florida, with its mailing address 301 West Hallandale Beach Boulevard, Hallandale Beach, Florida 33009.

7. At all times material, Defendant, PASEO CATRACHO, INC d/b/a PASEO CATRACHO RESTAURANT, owned and/or operated a commercial restaurant at 4750 NW 7th Street #7 Miami, Florida 33126, (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

8. At all times material, Defendant, PASEO CATRACHO, INC d/b/a PASEO

CATRACHO RESTAURANT, was and is a Florida Profit Corporation, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida. Defendant, PASEO CATRACHO, INC, holds itself out to the public as "PASEO CATRACHO RESTAURANT".

9. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property and restaurant business are located in Miami-Dade County, Florida,

10. Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

11. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

12. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business and property.

13. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

14. Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff uses a wheelchair to ambulate. Plaintiff, DOUG LONGHINI, has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited

to walking, standing, grabbing, grasping and/or pinching.

15.     Defendants, SANDRA LANDMAN and LESLIE ALAN ROZENCWAIG, ESQ., as co-Trustees of the LANVI TRUST u/t/d January 23, 2020; and VICKY LANDMAN and LESLIE ALAN ROZENCWAIG, ESQ., as co-Trustees of the LANSA TRUST u/t/d January 23, 2020, own, operate and/or oversee the Commercial Property, its general parking lot/or and parking spots specific to the business therein, the interior of the shopping plaza and restaurant and is located in Miami, Florida, that is the subject of this Action.

16.     Mr. Longhini is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

17.     Mr. Longhini is of the belief that the only way to ensure that places of public accommodation are required to make their properties accessible to all is via the mechanisms of the ADA. He is disheartened that he must repeatedly make these complaints to ensure businesses are accessible to all people, regardless of their disability status, over thirty (30) years after the ADA was put into effect.

18.     The subject Commercial Property is open to the public and is located in Miami-Dade County, Florida. The individual Plaintiff visits the Commercial Property, to include visits to the Commercial Property on or about August 22, 2023, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property. He often visits the Commercial Property in order to avail himself of the goods and services offered there because it is approximately fourteen (14) miles from his residence and is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property within two (2)

months of the filing of this Complaint in order to avail himself of the goods and services offered at the place of public accommodation and check if it has been remediated of the ADA violations he encountered.

19. The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of each of the premises.

20. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The barriers to access at the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

21. Defendants, SANDRA LANDMAN and LESLIE ALAN ROZENCWAIG, ESQ., as co-Trustees of the LANVI TRUST u/t/d January 23, 2020; VICKY LANDMAN and LESLIE ALAN ROZENCWAIG, ESQ., as co-Trustees of the LANSA TRUST u/t/d January 23, 2020; and PASEO CATRACHO, INC d/b/a PASEO CATRACHO RESTAURANT, own and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, SANDRA LANDMAN and LESLIE ALAN ROZENCWAIG, ESQ., as co-Trustees of the LANVI TRUST u/t/d January 23, 2020; VICKY LANDMAN and LESLIE ALAN ROZENCWAIG, ESQ., as co-Trustees of the LANSA TRUST u/t/d January 23, 2020; and PASEO CATRACHO, INC d/b/a PASEO CATRACHO RESTAURANT, are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, SANDRA LANDMAN and LESLIE ALAN

ROZENCWAIG, ESQ., as co-Trustees of the LANVI TRUST u/t/d January 23, 2020; VICKY LANDMAN and LESLIE ALAN ROZENCWAIG, ESQ., as co-Trustees of the LANSA TRUST u/t/d January 23, 2020, and PASEO CATRACHO, INC d/b/a PASEO CATRACHO RESTAURANT, own and/or operate is the Commercial Property and Business is located at 4750 NW 7th Street, Miami, Florida, 33126.

22.     Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property, with respect to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property, but to assure himself that the Commercial Property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property without fear of discrimination.

23.     Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

**COUNT I – ADA VIOLATIONS AS TO DEFENDANTS SANDRA LANDMAN and LESLIE ALAN ROZENCWAIG, ESQ., as co-Trustees of the LANVI TRUST u/t/d January 23, 2020; and VICKY LANDMAN and LESLIE ALAN ROZENCWAIG, ESQ., as co-Trustees of the LANSA TRUST u/t/d January 23, 2020**

24.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

25.     Defendants, SANDRA LANDMAN and LESLIE ALAN ROZENCWAIG, ESQ.,

as co-Trustees of the LANVI TRUST u/t/d January 23, 2020; and VICKY LANDMAN and LESLIE ALAN ROZENCWAIG, ESQ., as co-Trustees of the LANSA TRUST u/t/d January 23, 2020, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property are the following:

A. Parking and Exterior Accessible Route

i. There are no accessible routes from site arrival points such as parking, passenger loading zones, public sidewalks, and transit stops, in violation of Section 206.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. Accessible parking spaces and access aisles contain slopes steeper than 1:48, violating Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. Accessible parking spaces and access aisles contain slopes steeper than 1:48, violating Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. Van accessible spaces lacked proper signage, violating Section 502.6 of the 2010 ADA Standards, whose resolution is readily achievable.

v. Plaintiff had difficulty maneuvering along the accessible routes and/or walkways due a cross slope(s) > 3%. Violation: cross slopes > 1:48 on exterior accessible routes and/or walkways violate 2010 ADAS Section 403.3, whose resolution is readily achievable.

vi. Plaintiff had difficulty and needed assistance with pushing his manual wheelchair up the curb ramp due to a running slope that is > 10%. Violation: the running slope of the curb ramp is steeper than 1:12, violating Sections 406.1 and 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Entrance Access and Path Travel</u>

i. The landing at the top of the ramp at the Commercial Property is not level. Violation: the landing on the top of the ramp contains a cross-slope that is > 3%, violating Section 405.7 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The ramp at the Commercial Property is missing the required handrails. Violation: ramp has a rise higher than 6 inches and does not provide handrails on both sides, violating Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT II – ADA VIOLATIONS AS TO DEFENDANTS, SANDRA LANDMAN, VICKY LANDMA, AND PASEO CATRACHO d/b/a PASEO CATRACHO RESTAURANT**

26. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

27. Defendants, SANDRA LANDMAN and LESLIE ALAN ROZENCWAIG, ESQ., as co-Trustees of the LANVI TRUST u/t/d January 23, 2020; VICKY LANDMAN and LESLIE ALAN ROZENCWAIG, ESQ., as co-Trustees of the LANSA TRUST u/t/d January 23, 2020; and PASEO CATRACHO, INC d/b/a PASEO CATRACHO RESTAURANT, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, are the following:

A. <u>Access to Goods and Services</u>

i. The tables at PASEO CATRACHO RESTAURANT lack the required knee and toe space clearance. Violation: seating and tables violate Section 902 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The service counter at PASEO CATRACHO RESTAURANT is at a height that is >

       36". Violation: service counters violate Section 227.3 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Restrooms</u>

i. Plaintiff had difficulty maneuvering to the restroom due to obstructions in the path of travel. Violation: there is no accessible route to the toilet room, violating Section 206.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. Plaintiff was unable to use the restroom facilities at PASEO CATRACHO RESTAURANT due to chairs that were placed in the hallway, obstructing his path. Violation: accessible routes lack clear width, violating Section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

## **RELIEF SOUGHT AND THE BASIS**

28. Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts listed herein violating the ADA and barriers to access listed in the Complaint in conjunction with Rule 34 and timely notice.; Plaintiff requests to be allowed to be physically present at such inspection in conjunction with Rule 34 and timely notice. The remediations for the ADA violations listed herein are readily achievable.

29. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage

without the immediate relief provided by the ADA as requested herein. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

30.     Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

31.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

32.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

33. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if any Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by each Defendant.

34. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located at and/or within the commercial property located at 4750 NW 7th Street Miami, Florida 33126, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cures the violations of the ADA.

WHEREFORE, the Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (ii) an award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: February 13, 2024

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, Florida 33134
Telephone: (305) 553-3464
Primary E-Mail:  bvirues@lawgmp.com
Secondary E-Mails: amejias@lawgmp.com
jacosta@lawgmp.com

By: ___/s/_Beverly Virues_____
      BEVERLY VIRUES
      Florida Bar No.: 123713
      ARMANDO MEJIAS
      Florida Bar No.: 1045152